Storks, C. J.
It is not- necessary for us to consider the questions which have been made on the argument respecting the character of the instruments on which this suit is brought, and their presentment, and notice of their non-payment, because we are of the opinion that the recovery of the judgment upon them in the' state of New York is a complete defense to this action. This conclusion necessarily results from' the effect given bv the constitution and laws of the United States to the judicial proceedings of the states of this union, in-connection with the effect which the law of New York gives to that judgment.
The first section of the fourth article of the constitution of the United States declares that full faith and, credit shall be given in each state' to the public acts,, records and judicial proceedings of every other state, and-authorizes Congress to prescribe the manner in which such acts, records and. proceedings shall be proved, and the effect thereof. In pursuance of this power, Congress, in their act.of May 26, 1799, after prescribing the manner in which the records and judicial proceed- [ *439 ] ings *of the state courts shall be authenticated, enacted that the “ records of judicial proceedings of the state-courts so authenticated ¡shall have such- faith and credit given to them in every court within thesUnited.States as they have by law or usage in the courts of the state from whence the said records are or shall be taken.”
In Mills v. Duryee, (7 Cranch, 481,) the supreme court of the United. States considered .that .Congress, by thus .declaring that the same faith and credit should -be given to such records as they had -in the courts of the state from whence they were taken, ¡had- prescribed the effect of such records, and that if they had the faith and, credit of record evidence there, they must have the same faitlrand credit in every, other state in the union ; and that it therefore remained only to inquire, in .every case, what is the effect of a judgment in the state where it ,is rendered. In Hampton v. McConnelly (3 Wheat., 234,) which was declared by Gh. il. Marshall to be precisely the. same case as that of Mills v. Duryee, he states that “ the doctrine there held was, *359 that the judgment.of .a state court should have the same credit, validity and effect, in every other court in the United States which it had in the state where it was pronounced,? and that whatever pleas would be good to a suit' thereon in such state, and none other, could be pleaded in any other court in the United States.”, This principle has since been universally recognized and adopted, with the exception of a case decided by the county court of Baltimore, in which that court, as we think misapprehending the decision in the case of McElmoyle v. Cohen, (13 Pet., 312,) came erroneously to a different conclusion. 1 Penn. Law Jour. N. S., 142. See Lapham v. Briggs, 27 Verm., 27; Boston India Rubber Factory v. Hoit, 14 Verm., 92; Andrews v. Montgomery, 19 Johns., 162; McElmoyle v. Cohen, supra; Green v. Sarmiento, 1 Pet. C. C. R., 74; Napiere v. Gidiere, 1 Speers Eq., 214. The principle adopted in Mills v. Duryee was established in these cases, although the recovery of a judgment in another state was not in either of them, as in the present case, interposed as a defense to a suit upon the claim then in question. The particular manner, however, in which *the question arose, [ *440 ] is obviously unimportant. But the recent case of McGilvray v. Avery, (30 Verm., 538,) is precisely in point here, even as to the manner of applying the principle. In that case the defendant was sued simultaneously by the plaintiffs, both in New Hampshire and Vermont, upon the same cause of action. The plaintiffs obtained a judgment.in the New Hampshire suit, w'hich had not been paid, and that judgment was set up as a defense to the suit in Vermont; and it was held that the recovery of that judgment was a bar to the further prosecution of the suit in'the latter state. The reasoning of the court in its opinion, given by Bennett, J., is so full, and, in our opinion, so satisfactory, that it would be little more than a repetition of it if we were to undertake to examine this question upon principle. The only inquiry which remains on this point is, as to the effect in New York of the judgment rendered in that state upon the present cause of action. Upon thatsubject.it is sufficient to say that no principle of the common law is better established than that a domestic judgment merges and therefore extinguishes the cause-of action for which it was rendered in the courts of the same jurisdiction, and changes it into a security of a higher nature, and. consequently that a suit can not be maintained upon the original cause of action, but only upon such judgment. Boardman v. DeForest, 5 Conn., 9. Roades v. Barnes, 1 Burr., 9. And that such is the. law. of New York is undisputed.
*360 How far the pendency of a suit in one jurisdiction may be pleaded in abatement of a suit pending in the same or another, it is unnecessary to consider, as the rules on that subject have no application to the present case. Those rules are adopted on a ground which is merely personal to the defendant, and to prevent the vexation to which he might be exposed by an unnecessary multiplication of suits. The effect which is given to the recovery of a judgment upon a particular cause of action, is founded as well upon a principle of justice as of high public policy, which requires that after a matter has once been settled by the judgment of a court there should be an end of litigation concerning it.
[ *441 ] *The plaintiffs urge the inconvenience arising from holding the judgment in New York to be a defense in the present suit, in consequence of the loss of the security obtained by attachment in the latter. We are not however at liberty to impair the effect which the constitution and laws of the United States give to judgments rendered in the several states, although it may be attended with inconvenient or even apparently unjust consequences. The remedy is elsewhere. When suits are pending in different states upon the same cause of action the plaintiff must elect in which he will proceed to final judgment. The plaintiffs also claim that, as the suit in New York, in which'judgment was there rendered, was in favor of the receivers of the plaintiffs in this case, the parties in the two suits are different, and that the judgment recovered in that suit is no defense in the present. Such receivers, by the law under which they were appointed, having power, in the corporate name, or in their own names as receivers, to commence and prosecute all suits in law or equity on claims in favor of the bank, and being clothed with all the powers and rights for the collection of debts due to the bank, or for the recovery of property belonging to it, which the corporation possessed by virtue of its charter before their appointment, they are merely the representatives of such corporation and act solely on its behalf, and we therefore think that the judgment recovered by them in that capacity should have the same effect as if it was recovered in the name of the corporation.
The plaintiffs finally claim that the judgment in New York is set aside or suspended by the appeal from it to the court of appeals of that state, and that it therefore constitutes no defense in this suit. The effect of that appeal depends upon the character of the jurisdiction of that court. If, by the laws of New York, a case carried before it by appeal is to be re-tried by it as upon original process in that court, and it has jurisdiction to *361 settle the controversy by a judgment of its own, and to enforce that judgment by its own process, the appeal, like an appeal under our statutes from a justice of the peace to the superior court, *would vacate the judgment of the [ *442 ] inferior tribunal. Curtiss v. Beardsley, 15 Conn., 518. Campbell v. Howard, 5 Mass., 376. But if the appeal is in the nature of a writ of error, and only carries up the case to the court of appeals as an appellate court for the correction of errors which may have intervened on the trial of the case below, and for its adjudication upon the question whether the judgment appealed from should be affirmed, reversed, or modified, and that court has no other powers or duties than to affirm, reverse, or modify that judgment, or remit the case to the inferior tribunal that it may conform its judgment to that of the appellate tribunal, then such appeal, like an appeal under our laws from the probate court to the superior court, does not vacate or suspend the judgment appealed from ; and the removal of the case to the appellate court would no more bar an action upon the judgment than the pendency of a writ of error at common law, when that' was the proper mode of correcting errors which may have occurred in the inferior tribunal. That such an action would not be barred by the pendency of such a proceeding is well settled. The judgment below is only voidable, and stands good until set aside. Case v. Case, Kirby, 284. Sloan’s Appeal from Probate, 1 Root, 151. Curtiss v. Beardsley, 15 Conn., 523. By a reference to the laws of New York and the decisions of that state to which we have been referred, it clearly appears that the appeal now in question did not carry up the matter in controversy, in the case in which it was taken, to be re-tried in the court of appeals as upon original process, but only presented the case to that tribunal for its revision, and that it had no jurisdiction except to affirm, reverse, or modify the judgment appealed from and remit the case to the inferior tribunal. It was accordingly held, and in our opinion correctly, by Judge Nelson, in the United States circuit court for this district, at its September term, 1854, in Seeley v. Pritchard, that, under the laws and practice of the state of New York, a judgment was not impaired by an appeal, but that an action of debt was sustainable thereon while the appeal was pending. -We would only add that if the judgment rendered in the state of New York upon the [ *443 ] present claim should be there reversed or modified, the plaintiffs can obtain such relief as shall be just by a proper application in the superior court for that purpose.
*362 .We therefore advise that judgment be rendered in favor of the defendant.
.In this opinion the other judges concurred.
Judgment advised for defendant.