NATHAN W. DAVIS, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

A fair test to determine as to whether a proposed amendment of a complaint is allowable under the provision of the Code of Civil Procedure (§ 723), in reference to such amendments, or whether it sets up a new cause of action, is, would a recovery on the original complaint be a bar to a recovery under the amended complaint?

In an action to recover damages for personal injuries caused by an explosion of gas in the fire-box of an engine plaintiff was running, as engineer in defendant's employ, the alleged negligence charged in the complaint was that the defendant failed to furnish a suitable and proper locomotive; that the one furnished was defective and out of repair, owing to which the explosion occurred. An amendment of the complaint was allowed by inserting averments to the effect that the fuel furnished by defendant for use on said engine was unfit and dangerous, and by reason of this and the defective condition of the boiler, the explosion occurred. *Held*, that the amendment was within the jurisdiction of the court below and its allowance not reviewable here; that the allegation added did not constitute a new cause of action.

(Argued June 19, 1888; decided June 29, 1888.)

APPEAL from order of the General Term of the Superior Court of the city of Buffalo, made December 30, 1887, which affirmed an order of Special Term granting leave to amend the complaint herein.

The original complaint alleged, in substance, that plaintiff was a locomotive engineer in defendant's employ; that defendant failed to perform its duty to furnish a safe and proper locomotive engine to do its work, but, instead thereof, the one

furnished was out of repair, defective and dangerous. In consequence whereof an explosion of gas occurred in the fire-box of the engine while plaintiff was engaged in running it, seriously injuring the plaintiff.

On the trial plaintiff offered evidence to show that the coal used was unfit and improper and of defective quality. This was objected to as not alleged in the complaint. The objection was overruled and the evidence received. Because of error in this respect the judgment was reversed by the General Term. Plaintiff thereupon moved to amend the complaint by inserting averments to the effect that defendant failed to furnish proper means, materials and fuel for use on the engine, but furnished those that were unfit and dangerous, and because of this and the defective condition of the engine the explosion occurred.

The court here say:

"These allegations did not constitute a new cause of action; the plaintiff still based his right to recover upon the same injury caused to him at the same time and place by the wrong of the defendant, and all that was added in the amended complaint were additional specifications of the same wrong. The plaintiff when he framed his original complaint may have been mistaken as to the cause of the effects from which he suffered the injury, but he was not mistaken as to his cause of action.

"It is a fair test, to determine whether a new cause of action is alleged in the amended complaint, that a recovery had upon the original complaint would have been a bar to any recovery under the amended complaint. If the plaintiff had, however, been beaten or nonsuited upon a trial under the original complaint, because of the insufficiency of the allegations therein contained, the judgment entered would not have barred a recovery under the amended complaint, because the judgment in such case would not have passed against the plaintiff upon the merits. There is no doubt that the court may, at Special Term, allow an amendment of a complaint by introducing therein even a cause of action barred by the statute of limitations. But in such case the defendant must not be deprived of his defense of the statute.

"As the court had power, in the exercise of its discretion, to allow this amendment, we have no jurisdiction to review its discretion, and this appeal should, therefore, be dismissed, with costs."

*Norris Morey* for appellant.

*Charles A. Pooley* for respondent.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.