## PENNIE v. NEWBURGH ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department. January 16, 1900.)

APPEAL—TRIAL—DISCRETION OF COURT.

In an action for personal injuries, allowing plaintiff to amend his declaration by alleging payment of money for medical services, without increasing the amount of damages claimed, was discretionary with the trial court.

Appeal from special term.

Action by George S. Pennie against the Newburgh Electric Railway Company. From an order allowing plaintiff to serve an amended complaint, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Herbert C. Smyth (Edwin A. Jones, on the brief), for appellant.

Thomas Watts, for respondent.

GOODRICH, P. J. This action was tried before Mr. Justice Garretson, and resulted in a disagreement of the jury. The evidence

showed that the defendant was not the owner of the railroad at the time of the accident, but, by reason of a subsequent consolidation of interests, had assumed the liabilities of the former owner. The court during the trial permitted an amendment on the minutes to that effect. Subsequent to the trial the plaintiff moved for permission to serve an amended complaint, which was annexed to his moving papers, and included, not only the amendment referred to, but also an allegation of the payment of money for medical services not referred to in the original complaint; but the amount demanded for damages was not increased. This motion was argued before Mr. Justice Garretson, who granted leave to serve the amended complaint annexed to the moving papers. From this order the defendant appeals.

The allegations as to the manner in which the accident occurred appear to have been occasioned by the facts brought out at the trial, and we cannot see that any harm to the defendant can result therefrom. As to the allegation of special damages for money paid for medical services, we think the defendant is not prejudiced thereby. The amount of damages demanded is the same. The defendant's contention that this amendment will prevent it from setting up the statute of limitations as to such special damages seems hardly tenable. The injuries resulting to the plaintiff from the accident were of such a character as to necessitate medical attendance, and, in the absence of surprise, amendments of that character are constantly allowed at trials. In Davis v. Railroad Co., 110 N. Y. 646, 17 N. E. 733, the court said:

"It is a fair test, to determine whether a new cause of action is alleged in the amended complaint, that a recovery had upon the original complaint would have been a bar to any recovery under the amended complaint."

At any rate, the motion having been argued before the justice who presided at the trial, it would seem that there had been a fair exercise of discretion; and with such exercise we are not inclined to interfere.

The order appealed from should be affirmed, with costs. All concur.