# FOSTE *v.* STANDARD INSURANCE COMPANY.
[S. C. 38 Pac. 617.]

AMENDING PLEADINGS — CODE, § 101.— Under the general rule that if the same evidence is required to support a pleading after an amendment as before, then the cause of action has not been changed, a complaint stating a cause of action for labor and services performed and not paid for cannot be amended on the trial so as to set up a cause for a stated account. While the practice in allowing amendments should be liberal, (*Baldock* v. *Atwood*, 21 Or. 79, cited and approved,) such an amendment would "substantially change the cause of action" within the meaning of section 101, Hill's Code.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

This is an action by H. D. Foste against the Standard Life and Accident Insurance Company, of Detroit, Michigan, to recover money alleged to be due as commissions upon insurance premiums secured by him as such agent. The cause being at issue, a trial was had at which evidence

was introduced and admitted over the defendant's objection tending to show that an account had been stated between the parties, and, after the defendant's counsel had made his argument to the jury, the court permitted the plaintiff, over the defendant's objection, to amend his complaint to conform the pleadings to the facts proved, by adding the following italicised words to the original complaint: "The plaintiff above named alleges and complains: that during all the times hereinafter mentioned the defendant was and still is a corporation duly organized and carried on under the laws of the State of Michigan. That heretofore, to wit, during the years eighteen hundred and ninety-one and eighteen hundred and ninety-two, the plaintiff, at the special instance and request of the defendant, performed for defendant labor and services as a special agent *to solicit accident and life insurance for the defendant company,* for which defendant promised and agreed to pay plaintiff a commission, to wit, a stipulated percentage in cash, *namely, twenty per cent. on all moneys on premiums collected by defendant company on such insurance secured by plaintiff.* That heretofore, on or about the thirtieth day of September, eighteen hundred and ninety-two, *upon an account had and stated between plaintiff and defendant* there was due and owing to plaintiff the sum of two hundred and ninety-five and eight hundredths dollars ($295.08) *from defendant on such* account of work and labor and services as special agent *performed* for the defendant *as above set forth* in commissions earned over and above all credits, which services were performed at the request of the defendant, between the thirty-first day of July, eighteen hundred and ninety-one, and the thirtieth day of September, eighteen hundred and ninety-two, *and which defendant promised and agreed to pay;* that defendant has not paid the same nor any part thereof." A verdict and judgment having been rendered for the plaintiff, the defendant ap-

peals and assigns in his notice *inter alia* the amendment of said pleadings as ground for the reversal of said judgment.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Arthur C. Emmons.*

For respondent there was a brief and an oral argument by *Mr. William T. Muir.*

Opinion by MR. JUSTICE MOORE.

The statute provides that the court, in furtherance of justice, "may, at any time before the cause is submitted, allow a pleading to be amended, * * * when the amendment does not substantially change the cause of action, by conforming it to the facts proved": Hill's Code, § 101.   The question presented is whether the amendment substituted another cause of action for that originally stated.   An examination of the original complaint discloses an evident intention on the part of the pleader, (who was not the attorney appearing here for respondent, however,) to declare upon an account for labor and services performed by the plaintiff for the defendant, but as amended he has alleged a stated account between them. Courts should be liberal in allowing amendments, and when the cause of action is improperly set forth in the complaint, or a pleading is defective in any respect, the court may, in its discretion, at any stage of the case before the cause is submitted, authorize such amendments as may be necessary to make the case as intended by the original pleading, but not to insert a new and distinct cause of action or defense: *Ford* v. *Ford,* 53 Barb. 525; *Davis* v. *New York Railroad Company,* 110 N. Y. 646, 17 N. E. 733; *Baldock* v. *Atwood,* 21 Or. 79, 26 Pac. 1058.   Any amendment, therefore, which would have aided the complaint in stating the

facts constituting the cause of action as originally intended by the pleader, would have been permissible, and if any facts had been stated from which it could have been reasonably inferred that the pleader intended to allege a stated account, as well as an account for labor and services, and he had elected to rely upon the facts so stated, the court could, in its discretion, have allowed an amendment striking out the allegation of an account for labor and services. The material allegations in an action on an account stated, are: (1) That plaintiff and defendant came to an accounting together; (2) that on such accounting defendant was found indebted to the plaintiff in a specified sum, (3) which defendant promised to pay, (4) and has not paid: 1 Estee's Pleadings (3d ed.), § 617. The original complaint not containing any of these necessary allegations, it cannot be inferred therefrom that the pleader intended to allege a stated account, and hence he could not elect to rely upon what the pleading did not contain.

If it would require precisely the same evidence to support the action after an amendment as before, it cannot be said that a new cause of action has been substituted thereby: *Lottman* v. *Barnett*, 62 Mo. 159. The converse of this rule must also be true; and therefore, if different evidence would be required to support the action after an amendment, it must be regarded as substituting a different cause of action. Applying this rule to the pleadings in the case at bar, we find that to support the action upon an account for labor and services performed under an agreement to pay a stipulated sum therefor, evidence of the contract of employment, the amount of labor and services rendered in pursuance thereof, and the amount due, and the nonpayment thereof, would be necessary; while the evidence necessary to support an action upon an account stated is that the parties mutually agreed upon a specified amount which was found to be due to the plaintiff from the de-

fendant, and which he promised but had failed to pay. The evidence necessary to support the action after the complaint was amended was essentially different from that which was necessary before, and hence the amendment was the substitution of a new cause of action.   The plaintiff could not recover upon a stated account without alleging it (*Bump* v. *Cooper*, 20 Or. 527, 26 Pac. 848; *Oregon Railway and Navigation Company* v. *Swinburne*, 22 Or. 574, 30 Pac. 322); and by relying in his complaint upon the original transactions, he treated the account as open, and it was error to allow the amendment alleging a stated account, which substantially changed the cause of action, for which the judgment is reversed and a new trial ordered.

Reversed.

[Decided November 26, 1894; rehearing denied.]