Argued March 27, reversed April 11, 1916.

# CARNAHAN MFG. CO. *v.* BEEBE–BOWLES CO.*

(156 Pac. 584.)

**Contracts—Modification—Meeting of Minds.**

1.  While it is competent for parties to modify an original contract
so as to accomplish substantially a new agreement, the later stipula-
tion must be one wherein the minds of the parties meet on identically
the same proposition.

**Contracts—Offer and Acceptance.**

2.  In an action for alleged breach of contract, it is error to instruct
that, if the plaintiff suggested modification and the defendant failed
to answer him, he agreed thereto, and the contract as modified was
the true contract, since one need not answer and cannot be bound in
the absence of actual assent.

**Damages—Interest—Breach of Contract.**

3.  Interest cannot be allowed in an action for damages for breach
of contract, since it it is not specifically enumerated in Section 6028,
L. O. L., which furnishes a category of transactions in which interest
may be allowed; the mention of certain ones excluding all others, and
interest not being a matter of course.

> [As to necessity of claiming interest in pleading, see note in
> Ann. Cas. 1912A, 1223.]

**Pleading—Change of Case—Amendments.**

4.  Where the plaintiff, suing for breach of contract, pleaded ab-
solute performance on his part, it was error, after all the evidence
was in, to permit him to amend, under Section 102, L. O. L., by alleging
incomplete performance due to alleged wrongful act of the defendant;
that being a material alteration of tactics.

———————

*As to right to interest for breach of contract, see note in 28
L. R. A. (N. S.) 1.                                REPORTER.

Contracts—Performance—Pleading—Sufficiency.

5. Where the plaintiff, suing for breach of contract, alleges complete performance which the answer traverses, proof that he delivered the material, but that it was not accepted and approved, is insufficient to satisfy the allegation; the approval of an umpire being a condition precedent to performance.

Trial—Instructions Without the Issues.

6. Instructions regarding the standard of decision of umpires *held* erroneous in action for breach of contract as not referable to any issue properly raised by the pleadings.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by the Carnahan Manufacturing Company, a corporation, against the Beebe-Bowles Company, a corporation. The facts are as follows:

The defendant was a contractor for the erection of a building in Walla Walla, Washington, to whom the plaintiff agreed to furnish for use in the structure certain doors and interior trim under a written contract containing this provision:

"All details are to be made following out a reasonable interpretation of the scale drawing and specifications and are not to be more elaborate than shown thereon. All work is to be done according to the directions and to the satisfaction of the architects."

The complaint alleges, in substance, that after the making of this agreement it was modified in certain particulars, principally in accordance with designs furnished by the plaintiff. It is averred generally that the plaintiff duly fulfilled all the terms and conditions of said contract on its part to be performed. Alleging a certain payment on account, the complaint demands judgment against the defendant for the balance, with interest. There is some confusion in the abstract, possibly owing to the fact that the answer was to the amended complaint while the case was tried on the second amended complaint and a stipulation that

the previous answer should be considered a defense to the later pleading of the plaintiff. Literally, the answer admits the allegation of complete performance; but the case was presented and argued, and the bill of exceptions shows that it was tried in the court below as though the performance of the agreement was traversed, and the case will be so treated.

The answer denies the modification of the contract except in a particular not now involved, and alleges that the materials furnished were not satisfactory to the architects, of all of which the plaintiff was informed prior to the commencement of the action. As to the approval of the architects, the reply is in substance that the plaintiff performed the work, and that if they rejected the same, their conduct in that respect was arbitrary and without any foundation.

At the close of all the evidence, the defendant moved the court to strike out all the testimony relating to the architects' rejection of the trim on the ground that, having alleged in the complaint full performance of the contract, it would be a departure to aver in the reply that the architects had arbitrarily withheld their approval of the material furnished. The plaintiff then asked leave to amend its second amended complaint so as to include therein the allegation to the effect that it had performed the contract, except that it did not secure the approval of the architects because the same was withheld arbitrarily and without cause. The court allowed the amendment, and the case went to the jury on the pleadings as thus remodeled, all over the objection of the defendant.

The court instructed the jury to allow interest on the claim from the date the material was furnished, if they found for the plaintiff. It also gave the following instructions, which were excepted to by the defendant:

"If you find, after the original contract and specifications had been agreed to between the parties, the plaintiff subsequently presented to the defendant blueprints and details showing a different method of construction than was shown by the architects' original plan, and that the Beebe-Bowles people promised as soon as they received these proposed modifications they would check them over and let the other parties know what the conclusions of the Beebe-Bowles people would be regarding them, and if the Beebe-Bowles people received these modifications but did not make any answer to them, then such modification must stand as a modification of the original contract. That is in pursuance of what I understand to be a general rule that a modification of a contract submitted and taken under consideration must be answered. If it is not answered, it is agreed to.

"If you should find the architects did unreasonably or arbitrarily refuse to approve the work and that in all other respects the plaintiff performed the contract according to its terms and specifications as modified, if there were any modifications, then the plaintiff is entitled to recover, although the architects unreasonably and arbitrarily refused to approve the work. Under a provision of this kind, the plaintiff is not required to show the work was approved, if the architects' refusal to approve the work is without reason or arbitrary, or whimsical. * * Where work is done substantially as required by the contract and specifications, the failure of the architect to approve the work does not prevent the plaintiff from recovery. That is merely another way of saying it is a question of fact whether or not the work was done according to the contract. To be sure, it was agreed the architects should determine that fact, but where the charge is that the architect just arbitrarily refused and turned up his nose, and did not exercise an honest judgment, did not really try to pass upon it, it is a question of fact for the jury."

The trial resulted in a verdict and judgment for the plaintiff and the defendant appeals.     Reversed.

For appellant there was a brief over the names of *Mr. Hugh Montgomery* and *Messrs. Platt & Platt,* with an oral argument by *Mr. Montgomery.*

For respondent there was a brief over the name of *Messrs. Stapleton & Sleight,* with an oral argument by *Mr. R. Sleight.*

Mr. Justice Burnett delivered the opinion of the court.

1, 2. It was competent for the parties to modify their original contract which would amount to making a new agreement; but this later stipulation, like all others, must be one in which the minds of the parties meet on identically the same proposition. The record shows that the plaintiff proposed certain changes in the contract, but it does not show that the defendant accepted the offer. It was therefore error for the court to say to the jury:

"That a modification of a contract submitted and taken under consideration must be answered. If it is not answered, it is agreed to."

No one receiving an overture to change an agreement to which he is a party is obliged to answer the same. His silence cannot be construed as an acceptance if nothing else is shown. The doctrine of contract by offer and acceptance is stated in *Henry* v. *Harker,* 61 Or. 276 (118 Pac. 205, 122 Pac. 298), and *Lueddemann* v. *Rudolf,* 79 Or. 249 (154 Pac. 116, 155 Pac. 172).

3. Section 6028, L. O. L., reads thus:

"The rate of interest in this state shall be 6 per centum per annum, and no more, on all moneys after the same becomes due; on judgments and decrees for the payment of money; on money received to the use of another and retained beyond a reasonable time with-

out the owner's consent, expressed or implied, or on money due upon the settlement of matured accounts from the day the balance is ascertained; on money due or to become due where there is a contract to pay interest and no rate specified but on contracts, interest up to the rate of 10 per centum per annum may be charged by express agreement of the parties, and no more.''

This enactment furnishes a category of monetary transactions into which interest enters as an element. The mention of these excludes all others. Interest is not a matter of course. It must find justification in the statute, or not at all. The demand of the plaintiff is not within the scope of the law; hence interest was not allowable. The subject has been exhaustively discussed in an opinion by Mr. Justice HARRIS, filed April 4, 1916, reaching this conclusion in the case of *Sargent* v. *American Bank & Trust Co., ante,* p. 16 (156 Pac. 431). See, also, *Richardson* v. *Investment Co.,* 66 Or. 353 (133 Pac. 773).

4. The motion of the defendant to strike out all the testimony relating to the refusal of the architects to approve the trim furnished constituted an objection to that evidence. This induced the plaintiff to apply for leave to amend his complaint, in the particulars noted above, at the close of all the evidence. That pleading up to that stage of the trial was to the effect that the plaintiff had fully and completely performed all the terms of its engagement. It then proposed to make a radical change of front and say in substance: ''It is true that I did not meet all the requirements of my stipulation, but it was not my fault.'' The rule is succinctly stated thus by Mr. Justice RAMSEY in *Horn* v. *Davis,* 70 Or. 498, 504 (142 Pac. 544, 546):

''Section 102, L. O. L., provides for amendments of pleadings before the trial begins, and also during the

80 Or.—9

trial. Amendments substantially changing the cause of action or the defense cannot be allowed during the trial: *Foste* v. *Standard Ins. Co.*, 26 Or. 449 (38 Pac. 617); *Talbot* v. *Garretson*, 31 Or. 265 (49 Pac. 978).''

Hitherto the moving party had warned its opponent to be prepared to meet the allegation of absolute performance in every particular. This required one class of proof. Altering its tactics as indicated was to challenge its adversary to a new field of investigation, namely, to determine whether or not the architects acted without right or reason in refusing to approve the trim. While this could have been allowed before the trial, as stated by Mr. Justice RAMSEY, it was error to allow the change after all the evidence was in.

5. It becomes necessary therefore to consider whether the traversed allegation of that pleading to the effect that the plaintiff had duly performed the contract on its part is satisfied by proving the delivery of the material, but failing to show that the same had received the indorsement of the architects; and, further, whether this is saved by the averment in the reply that the withholding of the architects' approbation was arbitrary and without reason. It is said by Mr. Justice WOLVERTON, in *Livesley* v. *Johnston*, 45 Or. 30 (76 Pac. 13, 946, 106 Am. St. Rep. 647, 65' L. R. A. 783):

''There is another class of cases where the article sold or the work to be done or performed is to be subject to the approval of, or to be satisfactory to, some third person, and in many instances that person is the agent or employee of one or the other of the parties to the contract. In cases of this character, the approval of the party so designated becomes a condition precedent to a recovery for the price. He must, however, have acted in good faith and with an honest purpose, and cannot arbitrarily or capriciously exercise his judgment. If he violates his duty in this regard,

a recovery may be had, in the absence of his approval, for the nonacceptance of the articles furnished.''

The principle being established that the approval of the umpire is a condition precedent, it is necessary as a matter of pleading that the party show a compliance with the contract or a valid reason for a shortcoming in that particular. This he must do in his complaint, for it is his duty to state the whole truth respecting his grievance in the first pleading.

6. The instructions of the court regarding the standard to be observed by the architects is not referable to any issue properly raised by the pleadings, in which it is maintained on one side and challenged by the other that the moving party had strictly performed its covenant. Whether it would be correct if the first pleading had stated compliance with the agreement except obtaining the expression of satisfaction from the architects, who arbitrarily withheld the same fraudulently or without reason, we do not here decide. We only hold that it was not applicable to the dispute as it was framed by the parties. It may be that by proper amendments the precise question involved in that transaction can be presented, but it is not regularly before us at this time.

The judgment of the Circuit Court is reversed and the cause remanded for further proceedings.

REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.