Argued March 28, reversed April 24, rehearing denied May 22, motion to retax costs denied June 12, 1917.

## GOLDEN ROD MILLING CO. *v.* CONNELL.*

(164 Pac. 588.)

Pleading—Change of Case—Amendment.

1.   Where original answer set up defense of violation of bulk sales law (Sections 6069–6072, L. O. L.), the court had no power under Section 102, L. O. L., to allow defendant to file an amended answer after trial, alleging actual fraud in the transfer; that being a material alteration not allowable at such time.

[As to remedies of creditor for violation of the bulk sales law, see note in Ann. Cas. 1916C, 928.

*On remedy of creditors where sale is made in violation of bulk sales law, see notes in 39 **L. R. A.** (N. S.) 374; **L. R. A.** 1916B, 974.
REPORTER.

Fraudulent Conveyances—Sales in Bulk—Liability of Buyer—Fixtures—Statute.
2. Tools and machinery in mill purchased by plaintiff in 1911 are not subject to execution to satisfy a subsequent judgment secured by creditor against seller, although no notice was given of the transfer; the bulk sales law (Section 6069, L. O. L., et seq.) before amendment in 1913 (Laws 1913, p. 537) not applying to that class of property.

From Multnomah: William Galloway, Judge.

Suit by the Golden Rod Milling Company, a corporation, against Joseph Connell and Tom M. Word, as sheriff of Multnomah County, Oregon. From a judgment in favor of defendants, plaintiff appealed. Reversed and judgment rendered in favor of plaintiff.

Department 1.    Statement by Mr. Justice Benson.

This is a suit to restrain proceedings under a writ of execution. The substance of the complaint is that on February 20, 1914, defendant Joseph Connell obtained a judgment against Acme Mills Company, Inc., a corporation, for a total of about $5,800, and on April 15, 1914, the defendant sheriff attempted to levy upon certain tools and machinery in plaintiff's mill and then used by it in the manufacture of cereal breakfast foods; that the sheriff placed a caretaker over such property and left the same in place as installed and operated in plaintiff's mill, but that defendants now threaten to tear out such machinery and appliances and remove the same for sale under said execution. It is then alleged that the claim of defendant Connell is substantially to the effect that the property attempted to be levied upon was formerly a part of the plant and property operated by the Acme Mills Company which sold and transferred it to Acme Mills Company, Inc., some time in the year 1910; that thereafter in 1911, the latter sold the same to plaintiff and that he contends that it is the property of the Acme Mills

Company and the Acme Mills Company, Inc.    Then follow allegations of irreparable injury and of absolute ownership and possession in plaintiff for more than three years and a prayer for a perpetual injunction. After some admissions and denials, the defendants set up an affirmative answer wherein they plead the judgment of the defendant Connell against the Acme Mills Company and the Acme Mills Company, Inc., the issuance of the execution; and that the sheriff levied upon the property described in the complaint by taking it into his possession.    It is then alleged that the sale of the property levied upon was made in violation of the bulk sales law, by reason of the fact that it was effected without notice to the defendant Connell, who was at the time a creditor of the Acme Mills Company to the extent of the judgment afterward obtained.

On December 18, 1914, the cause was tried and on February 25, 1915, the court made and filed findings of fact and conclusions of law and on the same day defendants filed an amended answer containing a second further and separate answer which alleged actual fraud in the transfer of the property from the Acme Mills Company, Inc., to the plaintiff.    On March 25, 1915, a decree was entered in favor of defendants from which plaintiff appeals.

Reversed and Judgment Entered.

Rehearing and Motion to Retax Costs Denied.

For appellant there was a brief over the names of *Messrs. Bauer & Green* and *Mr. A. H. McCurtain,* with an oral argument by *Mr. Thomas G. Green.*

For respondents there was a brief over the name of *Messrs. Sheppard & Brock,* with an oral argument by *Mr. Chester A. Sheppard.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The sole issue upon which the trial of the cause was based, was the question as to whether or not the sale of the property in question had been made in violation of the statute known as the "bulk sales law." After trial the defendants sought to set up the additional defense of actual fraud in the transfer. This they were not entitled to do and the trial court had no power to permit such amendment; Section 102, L. O. L.; *Foste v. Standard Ins. Co.*, 26 Or. 449 (38 Pac. 617); *Carnahan Mfg. Co. v. Beebe-Bowles Co.*, 80 Or. 124 (156 Pac. 584).

2. We come then to a consideration of the defendants' right to prevail under the provisions of the bulk sales law. It will be remembered that the sale involved in this controversy occurred in 1911, before the amendment of that statute. The original law, Section 6069, et seq., L. O. L., was amended in 1913 (Laws 1913, p. 537) and it has since been held by this court that property of the character described in the complaint was not affected by the act prior to such amendment: *Rice v. West*, 80 Or. 640 (157 Pac. 1105). Consequently, under the issues upon which the cause was tried, the plaintiff was entitled to the relief sought. The decree will therefore be reversed and one entered here in accordance with the prayer of the complaint.

REVERSED AND JUDGMENT ENTERED.
REHEARING AND MOTION TO RETAX COSTS DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.