Argued March 23, affirmed April 20, rehearing denied May 18, 1920.

## STAR SAND CO. *v.* PORTLAND.

(189 Pac. 217.)

**Damages—Where Damages Uncertain Contract Fixing Reasonable Amount for Delay is Valid.**

1. A provision in a contract for the construction of municipal improvements that for each day's delay in completing the improvement the contractor should as liquidated damages pay to the city $10 is valid and enforceable, for the amount of damage would be practically incapable of computation, and hence the provision could not be treated as penalty.

[As to stipulated forfeiture for breach of contract as penalty or liquidated damages, see the notes in 1 Ann. Cas. 244; 10 Ann. Cas. 225; Ann. Cas. 1912C, 1021; Ann. Cas. 1917D, 585.]

Pleading—Reply Alleging Waiver of Stipulation in Contract Sued on Held a Departure.

2.   Where plaintiff alleged performance of contracts for the construction of municipal improvements, and on the city's averment that defendant failed to complete within time, and so was liable under provision for payment of stipulated sum per day as liquidated damages, reply alleging waiver of the provision was a departure.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 2.

The plaintiff is an Oregon corporation, and in 1908 entered into seven different written contracts with the defendant, which were identical in form, for the improvement of a number of its streets. Except as to the particular streets, time of performance, date of completion, and the amount of stipulated damages, differing in the instruments, each contract contained the following provisions:

"The work shall commence within 10 days after the awarding of this contract, and [be] prosecuted with such vigor that all the work embraced in this contract shall be entirely completed by the 29th day of July, A. D. 1908.

"It is hereby agreed that, in view of the character of the work to be done, the said city of Portland will suffer damages to the extent of $10.00 per day for each and every day that the completion of said work is delayed beyond the 29th day of July, A. D. 1908.

"And it is further agreed that, in case said work shall not be completed on or before said last named date, the party of the first part shall pay to the city of Portland, as fixed and liquidated damages, the sum of $10.00 for each and every additional day required to complete said work, which shall be retained out of any money due or to become due under this contract."

In the first cause of action the complaint alleges that the defendant enacted ordinance No. 17,881, providing for the time and manner of improving Fargo

Street in the City of Portland, from the east line
of Williams Avenue to the west line of Union
Avenue, in front of and abutting upon blocks 8, 9,
12, and 13 of Williams Avenue Addition to said city;
that the ordinance was duly approved by the mayor;
that thereafter bids for the improvement were regu-
larly advertised for and received; that the contract
was awarded by the defendant to the plaintiff; that
it was reduced to writing and was duly signed by
each party; and that the plaintiff agreed to complete
the said improvement for $5,331.64. It is then
averred:

"That thereafter the plaintiff furnished the re-
quired bond and entered into the performance of
said contract, and completed the same in substantial
accordance with the terms thereof.

"That thereafter all the work done under said
contract was accepted by said defendant through its
duly authorized authority, the Executive Board"

—and further that by the terms of said written con-
tract it was the duty of the defendant to provide a
special fund out of which the cost of improvement
should be paid; that the amount thereof should be
created by the levy of an assessment upon the prop-
erty benefited by the improvement, the entire cost
of which was to be borne by the owners of such prop-
erty; that the city made the assessment and received
therefrom the sum of $5,682.66, on or about October
1, 1909; that there became due and owing from the
defendant to the plaintiff, under the contract and for
extras, $5,331.64, no part of which has been paid ex-
cept the sum of $5,311.64; and that the balance of
$20, with interest from October 1, 1909, remains due
and unpaid by the defendant to the plaintiff.

There are six other separate causes of action, with
similar allegations, founded upon like contracts, for

all of which the plaintiff prays judgment for $1,440 with interest.

The defendant admits the execution of the respective contracts, denies all other material allegations of the complaint, and for a further and separate answer to the first cause of action avers "that the plaintiff failed and neglected to complete the said contract and said improvement until March 4, 1909, which was eighty-three days after the time required" for its completion; that it forfeited to the City of Portland the sum of $10 a day for 83 days, $830 in all; that the executive board of the city granted to the plaintiff an extension of time for 80 days and thereby relieved it of the forfeiture of $800; and that the plaintiff "has been fully paid and compensated for all materials furnished and work performed under said contract." Like defenses are made to each cause of action.

As a reply the plaintiff denies the new matter of the answer, and further alleges:

"That plaintiff was prevented from completing the work under said contract by the time stipulated therein, because of interference on the part of the defendant in delaying the completion of connecting improvements, and in preventing and rendering it impossible for plaintiff to have the free access to the place at which its work was to be performed requisite for the proper and expeditious performance thereof; that in and by the specifications which formed a part of the contract between the parties it was stipulated and agreed that the street under construction should be rolled by the defendant's roller; that defendant failed and refused to furnish same as and when it was reasonably required by plaintiff in order to complete its work by the time stipulated; and that by its said acts and omissions the said defendant itself prevented the completion by

plaintiff of the said contract within the time stipulated.''

There was a trial by jury. The defendant offered no testimony, and, when plaintiff rested, moved for a judgment of nonsuit as to each cause of action, on the ground that there had been a failure ''of proof on the part of the plaintiff to show performance or excuse for nonperformance of its contracts.'' The plaintiff moved for a directed verdict on the ground that there had been a failure of proof on the part of the city as to any damages sustained on account of the delay. Both motions were overruled, and the jury returned a verdict for the defendant, upon which judgment was entered. The plaintiff appeals therefrom, charging that the defendant's further and separate answers do not state facts sufficient to constitute a defense; that it is not alleged therein that the defendant suffered any damage as a result of the delay in completing the contracts; that the court erred in overruling plaintiff's motion for a directed verdict; that it appears that the defendant was the agent or trustee of the plaintiff for the purpose of collecting from the property owners the amount of the special assessment; that it did not allow them any credit for damages on account of such delay, but collected the full amount due to the plaintiff under the contract; that the city is thereby estopped from asserting that there was any damage; that it affirmatively appears that much of the delay was caused by the defendant; that by reason thereof the stipulation for liquidated damages became inoperative; that the defendant could recover only the actual damages occasioned by the delay; that the trial court erred in instructing the jury ''that the defendant had the right to deduct the amount withheld

as liquidated damages for delay," in that there was no evidence in the record that any damage whatsoever had been sustained; and that it erred "in withdrawing from the consideration of the jury the evidence that the city had collected the full contract price from the property owners without deducting therefrom the amount claimed as damages for delay."          AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. S. J. Bischoff* and *Messrs. Beach, Simon & Nelson,* with oral arguments by *Mr. Bischoff* and *Mr. Roscoe C. Nelson.*

For respondent there was a brief over the names of *Mr. Lyman E. Latourette,* Deputy City Attorney, and *Mr. C. C. Hindman,* Deputy City Attorney, with an oral argument by *Mr. Latourette.*

JOHNS, J.—1. Where the damages are certain, or can be made so, as a rule a stipulation as to the amount thereof will be held to provide for a penalty, and therefore will not be enforceable as a stipulation, but—

"On the other hand, if the subject matter of the contract is of uncertain value, or if the damages arising from a breach are uncertain or difficult to ascertain with any degree of accuracy, the uncertainty and difficulty constitute an element very persuasive in the direction of holding that the amount stipulated to be paid, in the event of breach, being in itself not unreasonable or oppressive, is liquidated damages": *Webster* v. *Bosanquet,* Ann. Cas. 1912C, note 1026.

The rule "applies with especial force to contracts with municipalities for the erection, construction, or operation of public works, for the breach of which

there can be no adequate measure of damages'': Id., p. 1028.

In *Salem* v. *Anson,* 40 Or. 339 (67 Pac. 190, 91 Am. St. Rep. 485, 56 L. R. A. 169), the principle is thus stated:

"Where a city has required from the grantee of a public franchise a bond conditioned that the terms of the grant shall be complied with, and the bond has been tendered and accepted, the sum specified in such bond is substantially a statutory penalty, and, upon a breach of the bond, the entire sum may be recovered, without proof of special injury."

*Learned* v. *Holbrook,* 87 Or. 576 (170 Pac. 530, 171 Pac. 222), holds that—

"Where the parties by contract stated a reasonable sum as liquidated damages, neither could urge that the damages were greater or less than the amount agreed upon."

In this class of cases, where the complaint is founded upon specific performance of an admitted contract which provides for stipulated damages on account of delay, and the amount thereof is reasonable, the parties are bound by the stipulation, and no further proof of damages is required. In the instant case the amount agreed upon is reasonable.

2. As we construe the pleadings, the complaint is founded upon written contracts which are definite and certain in their terms as to the time and manner of performance. The plaintiff alleges specific performance. The defendant admits the execution of the contracts but denies that the plaintiff kept or performed their terms and conditions, charging in particular that it failed to complete the work within the time called for by the contracts; that by reason thereof the defendant suffered, as to the first cause of action, "damages to the extent of $10 per day for

each and every day that the completion of said work" was delayed beyond July 28, 1908, after the expiration of the extensions which the city admits were granted; and that after deducting the amount of such damages the plaintiff has been paid in full. In legal effect the reply admits that the plaintiff did not complete the work within the time set, but alleges that the delay was caused by the neglect of the city, and that the plaintiff was not responsible. Not one of the contracts was completed within the required time. Different extensions were granted, and for the delay thereafter deductions were made by the defendant for the stipulated damages provided in the respective contracts.

The proof shows that the plaintiff does not seek to recover upon the original agreements, but that its claim is based upon the contracts as extended and modified between it and the city. The defendant insists that by reason thereof the reply is a departure from the complaint and that plaintiff cannot recover on the strength of its reply. Under the decisions of this court that contention must be sustained. The complaint does not assert that there was a waiver of the time within which the contracts were to be completed, or that the city was estopped by its conduct to rely upon the terms of the instruments. In *Long Creek Building Assn.* v. *State Insurance Co.*, 29 Or. 569 (46 Pac. 366), the opinion holds the rule to be well settled that:

"A plaintiff cannot plead performance of a condition precedent, and recover under proof of a waiver of such performance."

In *Hannan* v. *Greenfield*, 36 Or. 97 (58 Pac. 888), it is said:

"It is a settled rule that proofs must follow the allegations of the complaint; thus an allegation that plaintiff had performed all of the conditions of a contract precedent to his right to sue will not support testimony that such conditions had not been performed because of a waiver by the other party."

*Durkee* v. *Carr*, 38 Or. 189 (63 Pac. 117), is authority for the following:

"The rules of the common law respecting the allegation of the performance of a condition precedent have been changed by our statute so as to permit a party to plead generally that he had duly performed all the conditions imposed upon him by his agreement: Hill's Ann. Laws [1892], § 87. But when he relies upon a waiver of such performance by the adverse party, he should aver that fact, so as to let in evidence thereof.

In *Carnahan Manufacturing Co.* v. *Beebe-Bowles Co.*, 80 Or. 124, 129, 131 (156 Pac. 584, 586), the opinion of Mr. Justice BURNETT in construing a complaint similar to that in the case at bar, says:

"That pleading up to that stage of the trial was to the effect that the plaintiff had fully and completely performed all of the terms of its engagement. It then proposed to make a radical change of front and say in substance: 'It is true that I did not meet all of the requirements of my stipulation, but it was not my fault.' * *

"The principle being established that the approval of the umpire is a condition precedent, it is necessary as a matter of pleading that the party show a compliance with the contract or a valid reason for a shortcoming in that particular. This he must do in his complaint, for it is his duty to state the whole truth respecting his grievance in the first pleading."

The opinion by Mr. Justice McCAMANT in *Mercer* v. *Germania Ins. Co.*, 88 Or. 410 (171 Pac. 412), holds that:

"In an action on a contract plaintiff must prove a right to prevail under the contract unless he alleges in his complaint a waiver on the part of the defendant of some of the provisions of the contract or an estoppel to assert them as a defense."

Here, since the proof shows and plaintiff admits that neither of the contracts was completed within the time specified, and there is no allegation in the complaint of facts which would constitute a waiver or estoppel on the part of the city, it must follow that under the authorities cited the plaintiff was not entitled to recover upon a complaint based on specific performance.

The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and HARRIS, J., concur.

BENNETT, J., concurs in the result.